UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

THOMAS MCDONALD, JR.
CHAPTER 13 TRUSTEE

      Plaintiff,                                          Case no. 17-cv-13858
                                                                Hon. Thomas L. Ludington

v.

PAUL WENZLOFF,
JOSHUA FIREMAN
WENZLOFF & WENZLOFF P.L.C., and
WILDFIRE CREDIT UNION,

      Defendants.
_____/

## ORDER HOLDING MOTIONS TO DISMISS IN ABEYANCE AND ORDERING SUPPLEMENTAL BRIEFING ON MOTION TO WITHDRAW

Mr. Thomas McDonald ("Plaintiff" or "Trustee") was the Chapter 13 trustee in the bankruptcy matter *In Re: Wild, et al.* (Case No. 14-21888-dob). Defendant Wildfire Credit Union (Wildfire) is an unsecured creditor of the debtors Jonathan William Wild and Tamara Jean Moore (Debtors) with an unsecured claim of $9,391.05. Defendants Paul Wenzloff, Joshua Fireman, and Wenzloff & Wenzloff P.L.C. (Defendants) represented Wildfire as its counsel in the Chapter 13 proceedings.

The Debtors' chapter 13 plan was confirmed on October 14, 2014. Approximately two and a half years later Debtor's 11-year old Jeep failed and they sought approval to obtain a loan to purchase a replacement vehicle. It is fair to surmise that Mr. McDonald and Mr. Wenzloff did not and do not agree on the process or procedure to be observed by Debtors to secure post-confirmation approval to purchase a replacement vehicle or to borrow the funds to accomplish that objective. Their disagreement is well documented in what the gentlemen refer to as "the

pleadings" that followed in the bankruptcy matter. These "pleadings" explain not only their difference of opinion on the applicable law and procedure but also their reciprocal displeasure with each other's behavior.

Plaintiff then initiated an adversary proceeding, filing a 7 count complaint containing over 100 factual allegations. Plaintiff has moved to have this Court withdraw the reference from the bankruptcy court (ECF No. 1) in order to adjudicate the adversary proceeding in this Court.

**I.**

On April 10, 2017, the Debtors filed a post-confirmation motion for approval to purchase a 2014 GMC Acadia to replace their older automobile that had mechanical problems. Am. Compl. at 2 (Case No. 17-02118-dob). The Trustee approved the request. *Id.* Debtors then filed an ex parte motion to approve the purchase, which the bankruptcy court granted. *Id.* Santander Consumer USA, the creditor who financed the GMC purchase, then filed a proof of claim. Defendants objected to the claim. *Id.* at 3. The dispute as to the propriety of the Trustee's approval of the purchase appears to center on the applicability of what counsel refer to as the "*Fuller* order". The *Fuller* order is described as a settlement embedded in an order in another (entirely separate) case in which Plaintiff and Defendant Wenzloff agreed Plaintiff would "advise Debtor's counsel that ex-parte motions to purchase contain certain information." *Id.* at 4.[1] Plaintiff's position is that the *Fuller* order is not applicable to the *Wild* matter and did not limit his discretion in approving the GMC purchase. *Id.* Defendants have a different view. Allegedly, Defendants filed "the pleadings" in the bankruptcy matter accusing Plaintiff of misconduct in conjunction with his approval of the car purchase. Plaintiff initiated the adversary proceeding on November 15, 2017.

---

[1] In the motion to withdraw, Plaintiff did not include a copy of the *Fuller* order or directly quote any of its language.

Counts I and IV seek declaratory and injunctive relief that the *Fuller* order is not applicable to the *In re Wild* matter and that Plaintiff did not commit fraud on the court when he approved the GMC purchase. *Id.* at 4, 9. On their face, these counts appear to raise core bankruptcy issues.

The abuse of process counts (counts II and III) allege Defendants "filed the Pleadings with the ulterior motive of obtaining money or property from the Debtors and/or Bankruptcy estate, attempting to pressure debtors to convert or dismiss their Bankruptcy case, in an attempt to slander the Trustee and damage his reputation and in an attempt to create unnecessary delay and expense in the administration of this Bankruptcy case" in violation of Rule 9011, thereby "undermining the whole bankruptcy system, or process." *Id.* at 8. Again, whether Rule 9011 was violated appears to raise a core bankruptcy law question.

The defamation, libel, and slander counts (counts V-VII) do not appear to be related to the Debtors' chapter proceeding other than that they occurred during its administration. Plaintiff alleges Defendants accused him of "wrongful conduct involving moral turpitude," "cast his character in a false light", accused him of "Fraud, Contempt of Court and collusion," and "breached the public trust in the office of the Standing Chapter 13 Trustee." *Id.* at 10. Embedded in his three overlapping defamation counts also appears to be a claim for "false light," a privacy tort distinct from defamation. Again, although the alleged wrongful conduct occurred in the context of a bankruptcy matter, the nucleus of the dispute is unrelated to bankruptcy law. There is also no apparent predicate for the exercise of federal jurisdiction on these state law claims between Michigan citizens.

As for relief, Plaintiff asks the court to "strike the entirety of the pleadings, statements and discovery from the record due to their scandalous, disparaging and unnecessary and untrue

nature." *Id.* at 13. He also asks the court to dismiss Defendant's allegations in the Chapter 13 matter, award costs and fees, set aside the *Fuller* order in its entirety, and impose sanctions. Finally, Plaintiff seeks punitive damages of $100,000 "to be distributed as follows: $50,000 to a charity promoting bankruptcy education or assistance of the court's choosing and $50,000 to the Office of the Chapter 13 Trustee for having been forced to defend and respond [to] the Pleadings . . .," and additional damages for defamation, libel, and slander. *Id.*

**II.**

Plaintiff filed the instant motion on November 30, 2017, seeking to have the reference to the United States Bankruptcy Court withdrawn. ECF No. 1. Defendant Wenzloff & Wenzloff, PLC responded on December 13, 2017. ECF No. 6. Defendants then moved to dismiss Plaintiff's first amended complaint filed in the adversary proceeding. ECF Nos. 7-9.

28 U.S.C. § 1334(a)-(b) vests district courts with jurisdiction over bankruptcy matters. The district courts may, however, refer bankruptcy cases and all proceedings arising therefrom to bankruptcy courts. 28 U.S.C. § 157(a). A standing order of the Eastern District of Michigan automatically refers bankruptcy cases. Local Rule 83.50(a)(1). § 157(b) authorizes bankruptcy judges to hear all cases under title 11 and all core proceedings arising therefrom.

28 U.S.C. § 157(d) provides for withdrawal of the reference on discretionary and mandatory grounds. The first sentence of 157(d) sets the standard for discretionary withdrawal: "The district court may withdraw, in whole or in party, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." The second sentence sets forth the standard for mandatory withdrawal: "The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the

proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce."

Notably, neither party has briefed the issue of withdrawal of the reference in light of the standard set forth in 28 U.S.C. § 157(d). Plaintiff's motion to withdraw simply states that his adversary proceeding "raises core and non-core issues." Mot. at 1, ECF No. 1. Furthermore, the motion suggests that Plaintiff may be unsure of whether he seeks mandatory or discretionary withdrawal of the reference. *See id.* at 2 ("Due to the conversion of this matter, the Bankruptcy Court *may* no longer have jurisdiction over these issues and reference to that Court *must* be withdrawn") (emphasis added).

Nor does Defendants' response to the motion brief the law governing the question or the factual propriety of the request. Rather, Defendants simply assert that all of the matters raised by the Plaintiff in this Adversary Proceeding are non-core issues, and notes that Defendants do not oppose withdrawal. Resp. at 2. Defendants do not explain whether they believe withdrawal is discretionary or mandatory. The only reason offered for withdrawal is the pragmatic suggestion that Plaintiff will likely appeal an adverse ruling from the Bankruptcy Court.

As of yet, the motion to withdraw has not been adjudicated and the adversary matter has not proceeded to this Court. Accordingly, the motions to dismiss will be held in abeyance pending resolution of the motion to withdraw, and supplemental briefing will be ordered on the motion to withdraw. Defendants' reply deadline will also be tolled pending the resolution of the motion to withdraw. The supplemental briefs should focus exclusively on the propriety of withdrawing the reference under 28 U.S.C. § 157(d). To the extent the supplemental briefs discuss matters that occurred in the Bankruptcy proceedings, the parties should cite and/or quote the applicable bankruptcy court filings, and *attach* those filings as exhibits to their briefing.

## III.

Accordingly, it is **ORDERED** that Defendants' Motions to Dismiss, ECF No. 7, 8, and 9 are held in abeyance pending resolution of the motion to withdraw the reference.

It is further **ORDERED** that Defendants' reply deadline is tolled until 7 days after the entry of an order resolving the motion to withdraw the reference.

It is further **ORDERED** that Plaintiff is **DIRECTED** to file a supplemental brief on the motion to withdraw the reference by **January 22, 2018,** and Defendants are **DIRECTED** to file a supplemental response by **January 29, 2018**, addressing the propriety of withdrawing of the reference under 28 U.S. C. § 157(d).

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: January 10, 2018

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 10, 2018.

s/Kelly Winslow  
KELLY WINSLOW, Case Manager