UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

THOMAS MCDONALD, JR.
CHAPTER 13 TRUSTEE

   Plaintiff,            Case no. 17-cv-13858
                       Hon. Thomas L. Ludington

v.

PAUL WENZLOFF,
JOSHUA FIREMAN
WENZLOFF & WENZLOFF P.L.C., and
WILDFIRE CREDIT UNION,

   Defendants.
_____/

## ORDER DENYING MOTION TO WITHDRAW THE REFERENCE

  Mr. Thomas McDonald ("Plaintiff" or "Trustee") was the Chapter 13 trustee in the bankruptcy matter *In Re: Wild, et al.* (Case No. 14-21888-dob). Defendant Wildfire Credit Union (Wildfire) is an unsecured creditor of the debtors Jonathan William Wild and Tamara Jean Moore (Debtors) with an unsecured claim of $9,391.05. Defendants Paul Wenzloff, Joshua Fireman, and Wenzloff & Wenzloff P.L.C. (Defendants) represented Wildfire as its counsel in the Chapter 13 proceedings.

  The Debtors' chapter 13 plan was confirmed on October 14, 2014. Approximately two and a half years later Debtor's 11-year old Jeep failed and they sought approval to obtain a loan to purchase a replacement vehicle. It is fair to surmise that Mr. McDonald and Mr. Wenzloff did not and do not agree on the process or procedure to be observed by Debtors to secure post-confirmation approval to purchase a replacement vehicle or to borrow the funds to accomplish that objective. Their disagreement is well documented in what the gentlemen refer to as "the

pleadings" that followed in the bankruptcy matter. These "pleadings" explain not only their difference of opinion on the applicable law and procedure but also their reciprocal displeasure with each other's behavior.

Plaintiff then initiated an adversary proceeding, filing a 7 count complaint containing over 100 factual allegations. Plaintiff has moved to have this Court withdraw the reference from the bankruptcy court (ECF No. 1).

**I.**

On April 10, 2017, the Debtors filed a post-confirmation motion for approval to purchase a 2014 GMC Acadia to replace their older automobile that had mechanical problems. Am. Compl. at 2 (Case No. 17-02118-dob). The Trustee approved the request. *Id.* Debtors then filed an ex parte motion to approve the purchase, which the bankruptcy court granted. *Id.* Santander Consumer USA, the creditor who financed the GMC purchase, then filed a proof of claim. Defendants objected to the claim. *Id.* at 3. The dispute as to the propriety of the Trustee's approval of the purchase centers on the applicability of what counsel refer to as the "*Fuller* order". The *Fuller* order is described as a settlement embedded in an order in another (entirely separate) case in which Plaintiff and Defendant Wenzloff agreed Plaintiff would "advise Debtor's counsel that ex-parte motions to purchase contain certain information." *Id.* at 4. Plaintiff's position is that the *Fuller* order is not applicable to the *Wild* matter and did not limit his discretion in approving the GMC purchase. *Id.* Defendants have a different view. Allegedly, Defendants filed "the pleadings" in the bankruptcy matter accusing Plaintiff of misconduct in conjunction with his approval of the car purchase. Plaintiff initiated the adversary proceeding on November 15, 2017.

Counts I and IV seek declaratory and injunctive relief that the *Fuller* order is not applicable to the *In re Wild* matter and that Plaintiff did not commit fraud on the court when he approved the GMC purchase. *Id.* at 4, 9. On their face, these counts raise core bankruptcy issues.

The abuse of process counts (counts II and III) allege Defendants "filed the Pleadings with the ulterior motive of obtaining money or property from the Debtors and/or Bankruptcy estate, attempting to pressure debtors to convert or dismiss their Bankruptcy case, in an attempt to slander the Trustee and damage his reputation and in an attempt to create unnecessary delay and expense in the administration of this Bankruptcy case" in violation of Rule 9011, thereby "undermining the whole bankruptcy system, or process." *Id.* at 8. Again, whether Rule 9011 was violated appears to raise a core bankruptcy law question.

The defamation, libel, and slander counts (counts V-VII) are unrelated to the Debtors' chapter proceeding other than that they occurred during its administration. Plaintiff alleges Defendants accused him of "wrongful conduct involving moral turpitude," "cast his character in a false light", accused him of "Fraud, Contempt of Court and collusion," and "breached the public trust in the office of the Standing Chapter 13 Trustee." *Id.* at 10. Embedded in his three overlapping defamation counts also appears to be a claim for "false light," a privacy tort distinct from defamation. Again, although the alleged wrongful conduct occurred in the context of a bankruptcy matter, counts V-VII assert only state law claims. There is also no apparent predicate for the exercise of federal jurisdiction on these state law claims between Michigan citizens.

As for relief, Plaintiff asks the court to "strike the entirety of the pleadings, statements and discovery from the record due to their scandalous, disparaging and unnecessary and untrue nature." *Id.* at 13. He also asks the court to dismiss Defendant's allegations in the Chapter 13 matter, award costs and fees, set aside the *Fuller* order in its entirety, and impose sanctions.

Finally, Plaintiff seeks punitive damages of $100,000 "to be distributed as follows: $50,000 to a charity promoting bankruptcy education or assistance of the court's choosing and $50,000 to the Office of the Chapter 13 Trustee for having been forced to defend and respond [to] the Pleadings . . .," and additional damages for defamation, libel, and slander. *Id.*

## II.

Plaintiff filed the instant motion on November 30, 2017, seeking to have the reference to the United States Bankruptcy Court withdrawn. ECF No. 1. Defendant Wenzloff & Wenzloff, PLC responded on December 13, 2017. ECF No. 6. Defendants then moved to dismiss Plaintiff's first amended complaint filed in the adversary proceeding. ECF Nos. 7-9.

As neither party had briefed the issue of withdrawal of the reference in light of the standard set forth in 28 U.S.C. § 157(d), the Court entered an order on January 10, 2018 holding the motion to dismiss in abeyance, and ordering briefing on the motion to withdraw the reference. ECF No. 13. Plaintiff filed his supplemental brief on January 22 and Defendant responded on January 26. ECF No's 14, 15.

## III.

28 U.S.C. § 1334(a)-(b) vests district courts with jurisdiction over bankruptcy matters. The district courts may, however, refer bankruptcy cases and all proceedings arising therefrom to bankruptcy courts. 28 U.S.C. § 157(a). A standing order of the Eastern District of Michigan automatically refers bankruptcy cases. Local Rule 83.50(a)(1). § 157(b) authorizes bankruptcy judges to hear all cases under title 11 and all core proceedings arising therefrom.

28 U.S.C. § 157(d) provides for withdrawal of the reference on discretionary and mandatory grounds. The first sentence of 157(d) sets forth the standard for discretionary withdrawal: "The district court may withdraw, in whole or in part, any case or proceeding

referred under this section, on its own motion or on timely motion of any party, for cause shown." The second sentence sets forth the standard for mandatory withdrawal: "The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce."

## IV.

### A.

Plaintiff first argues that the bankruptcy court lacks jurisdiction. Plaintiff provides an exposition of the source of bankruptcy court jurisdiction and that of article III courts. Plaintiff surveys the Supreme Court precedent on bankruptcy court jurisdiction from *Northern Pipeline* to *Stern v. Marshall*. The discussion is interesting. Unfortunately, it does not help resolve the only issue that is ripe for review in this matter, namely the propriety of withdrawing the reference under 28 U.S.C. § 157(d). Noticeably absent from 28 U.S.C. § 157(d) is any statement that the district court may withdraw the reference if it determines that the bankruptcy court lacks jurisdiction. Rather, it sets forth two grounds for withdrawal of the reference: discretionary and mandatory.

### B.

Plaintiff argues that "the mandatory withdrawal provisions under Section 157(d) requires that withdrawal is mandatory in this matter because resolution of this proceeding will require consideration of both bankruptcy law and *non-bankruptcy law*." Pl. Br. at 6, ECF No. 14. (emphasis added). That is an inaccurate statement of law and is directly at odds with the text of 157(d), which provides for mandatory withdrawal if the proceeding "requires consideration of

both title 11 *and other laws of the United States regulating organizations or activities affecting interstate commerce.*" 28 U.S.C. § 157(d) (emphasis added).

As noted in the cases Plaintiff cites to, withdrawal is mandatory only when the proceeding involves "substantial and material consideration of the *non-Code federal law.*"[1] *Matter of Vicars Ins. Agency, Inc.*, 96 F.3d 949, 952 (7th Cir. 1996) (emphasis added). "Substantial and material consideration" means "significant interpretation, as opposed to simply application, *of federal laws apart from the bankruptcy statutes.*" *City of New York v. Exxon Corp., 932 F.2d 1020*, 1026 (2d Cir. 1991) s*ee also In re Enron Corp.*, 2004 WL 2711101, at *2 (S.D.N.Y. Nov. 23, 2004). Thus, the statute itself and the interpretive case law directly foreclose any notion that the existence of a title 11 issue and a state law claim (such as defamation) is sufficient to require withdrawal of the reference. Rather, the proceedings must involve title 11 and some other non-code federal law. Furthermore, the proceeding must require substantial and material consideration of that non-code federal law, meaning "significant interpretation, as opposed to simply application." *Matter of Vicars Ins.*, 96 F.3d at 952; *City of New York*, 932 F.2d at 1026; *In re Enron Corp.*, 2004 WL 2711101 at *2. No significant interpretation of non-code federal law is at issue here.

Plaintiff does not attempt to explain how a significant interpretation of non-code federal law will be required in this case. Rather, Plaintiff offers one sentence, 128 words in length, in which he lists every conceivable issue this case might involve. Indeed, the sentence is confusing:

> This case will involve substantial and material consideration of the Courts' powers to sanction parties under 28 U.S.C. 1927 (a major part of the basis for the Plaintiff's abuse of process counts), issues involving the federal common law of quasi-judicial immunity and its ability to insulate the Trustee from claims raised such as those of the Defendants, the Barton Doctrine as established by Barton v. Barbour , 104 U.S. 126 (1881) (and its protections enjoyed by the Trustee as well

---

[1] Indeed, Plaintiff quotes directly from *Matter of Vicars*, but omits the language that follows the words "substantial and material consideration." Plaintiff replaces the words "non-code federal law" with "non-bankruptcy law."

> as its applicability to jurisdictional issues relating to proper forum questions) and interpretation and construction of the Federal and State rules, codes and laws to establish or prove abuse of process, libel, slander, defamation, and those same rules, codes and laws to disprove fraud and contempt of Court.

Pl. Br. at 7, ECF No. 14.

First, Plaintiff's abuse of process counts by their very nature are inextricably linked to title 11 and the chapter proceedings in this case. Plaintiff's complaint makes this clear, as he alleges that Defendants "filed the Pleadings with the ulterior motive of obtaining money or property from the Debtors and/or Bankruptcy estate, attempting to pressure debtors to convert or dismiss their Bankruptcy case, in an attempt to slander the Trustee and damage his reputation and in an attempt to create unnecessary delay and expense in the administration of this Bankruptcy case" in violation of Rule 9011, thereby "undermining the whole bankruptcy system, or process."

Plaintiff now attempts to raise a non-code federal issue by citing 28 U.S.C. 1927. This effort is futile for several reasons. First, 28 U.S.C. 1927 is a one paragraph provision which allows fees and costs to be awarded against a party who acts vexatiously. Plaintiff cannot generate a non-code federal issue by citing to an overarching fee shifting statute when his entire complaint has nothing to do with non-code federal law. Withdrawal is not mandatory when the only "federal issue" involves a "straightforward application of federal statutes to a particular set of facts." *In re Merryweather Importers, Inc.*, 179 B.R. 61, 62 (D. Md. 1995). It is difficult to imagine a more apt example than 28 U.S.C. 1927 of a statute that requires nothing more than a straightforward application of law to fact. Secondly, in his complaint, Plaintiff relies on Bankruptcy Rule 9011 to provide relief from Defendant's vexatious conduct, not 28 U.S.C.

1927.[2] Indeed, Rule 9011 is largely indistinguishable from 28 U.S.C. 1927, and provides discretion for bankruptcy court's to impose sanctions.

Next, Plaintiff asserts that this case will involve the "federal common law of quasi-judicial immunity and its ability to insulate the Trustee from claims raised such as those of the Defendants." Plaintiff appears to be referring to his theory regarding the quasi-judicial immunity enjoyed by the Chapter 13 trustee.[3] According to Plaintiff, his quasi-judicial immunity as Trustee puts all of his actions beyond reproach and prohibits Defendants from questioning his conduct or decision making. *See* ECF No. 11 at 2, 5. This theory appears to be intended to somehow bolster his defamation claims because defaming the Chapter 13 Trustee is allegedly a more serious violation than ordinary defamation. Even if that were true, however, it's still unclear how quasi-judicial immunity fits into the equation, considering Defendant is not suing Plaintiff. Plaintiff is in fact the only person asserting a "claim" against anyone. Thus, the doctrine of quasi-judicial immunity has no place.

Plaintiff next appeals to the "Barton Doctrine" which is related to his qualified immunity theory. The *Barton* doctrine, established by the U.S. Supreme Court over a century ago, provides that "before a lawsuit is brought against a receiver[,] leave of the court by which he was appointed must be obtained." *Barton v. Barbour*, 104 U.S. 126, 128 (1881). Again, Defendant has not filed a lawsuit against Plaintiff. Thus, the Barton Doctrine has no place.

---

[2] Despite describing 28 U.S.C. 1927 as "a major part of the basis for Plaintiff's abuse of process counts," 28 U.S.C. 1927 is not cited anywhere in his complaint.

[3] Courts have granted quasi-judicial immunity to Bankruptcy Trustees for their official actions as Trustee. *See, e.g.*, *Smith v. Silverman*, 645 F.3d 186 (2d Cir. 2011); *In re* McKenzie, 716 F.3d 404, 420 (6th Cir. 2013). Interestingly, this is not at all what Plaintiff is referring to when he uses the term "quasi-judicial immunity." Plaintiff's immunity theory was explained in his response to the motion to dismiss: "Defendants once again questioned the Trustee's discretion in approving the vehicle purchases, despite his quasi-judicial immunity arising from Court approval of those purchases after full disclosure of the purchase terms to the Court . . . Wenzloff's allegations in these pleadings were inappropriate and immaterial to the case at hand as the Trustee has quasi-judicial immunity for decisions made on vehicle purchases." ECF No. 11 at 2, 5.

In his final attempt to identify a non-code federal issue mandating withdrawal of the reference, Plaintiff appeals to "Federal and State rules, codes and laws to establish or prove abuse of process, libel, slander, defamation, and those same rules, codes and laws to disprove fraud and contempt of Court." The only federal law relating to abuse of process Plaintiff identifies is 28 U.S.C. 1927, which was already discussed above. Finally, state laws, by definition, are not "laws of the United States regulating organizations or activities affecting interstate commerce." 28 U.S.C. § 157(d). Thus, the presence of state law issues does not require withdrawal of the reference.

## C.

Next Plaintiff argues that discretionary withdrawal is appropriate under 28 U.S.C. § 157(d), which provides that the Court may withdraw the reference "for cause shown." Plaintiff primarily argues that the majority of the issues in the adversary proceeding are non-core issues, and that efficiency and judicial economy will be furthered by withdrawing the reference.

Factors to be considered on a motion for discretionary withdrawal include: (1) whether the claim is core or non-core, (2) promoting efficient use of judicial resources, (3) avoiding delay and costs to the parties, (4) promoting uniformity of bankruptcy administration, (5) preventing forum shopping, and (6) other related factors. *In re Cmty. Mem'l Hosp.*, 532 B.R. 898 at 902 (E.D. Mich. 2015).

Counts I and IV of the complaint seek declaratory and injunctive relief that the *Fuller* order (a bankruptcy order entered in another matter) is not applicable to the *In re Wild* matter and that Plaintiff did not commit fraud on the court when he approved the GMC purchase. Thus, these counts involve a core bankruptcy issue.

The abuse of process counts (counts II and III) allege Defendants "filed the Pleadings with the ulterior motive of obtaining money or property from the Debtors and/or Bankruptcy estate, attempting to pressure debtors to convert or dismiss their Bankruptcy case, in an attempt to slander the Trustee and damage his reputation and in an attempt to create unnecessary delay and expense in the administration of this Bankruptcy case" in violation of Rule 9011, thereby "undermining the whole bankruptcy system, or process." *Id.* at 8. Again, whether Rule 9011 was violated is a core bankruptcy law question.

The defamation, libel, and slander counts (counts V-VII), all state law causes of action, are unrelated to the merits of Debtors' case but are alleged to have occurred during its administration. Plaintiff's survey of Supreme Court precedent may be generally relevant to the bankruptcy court's determination of whether it may exercise jurisdiction here. Indeed, there likely is a more significant question about the exercise of federal jurisdiction as there is no apparent federal question and the parties are not apparently diverse. It is sensible for the bankruptcy court to make these jurisdictional determinations, as the state law causes of action arose during the bankruptcy proceedings.

**V.**

Accordingly, it is **ORDERED** that the motion to withdraw the reference, ECF No. 1, is **DENIED.**

It is further **ORDERED** that the Motions to Dismiss, ECF No. 7, 8 and 9, are **DENIED** without prejudice, and should be refiled in the adversary proceeding for consideration by the bankruptcy court.

It is further **ORDERED** that this is a final order and closes this case.

s/Thomas L. Ludington<br>
THOMAS L. LUDINGTON<br>
United States District Judge

Dated: March 7, 2018

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 7, 2018.

    s/Kelly Winslow
KELLY WINSLOW, Case Manager